**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER BAKER, | No. 12-16258 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 1:11-cv-00528-ACK-KSC |
| LOUIS KEALOHA, as an individual and in his official capacity as Honolulu Chief of Police; et al., | ORDER* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Alan C. Kay, District Judge, Presiding

Argued and Submitted December 6, 2012
San Francisco, California

Before: THOMAS, Chief Judge, and O'SCANNLAIN and CALLAHAN, Circuit Judges.

The petition for rehearing is granted, our March 20, 2014 memorandum

disposition is vacated, the district court's denial of plaintiff's motion for a

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

preliminary injunction is vacated, and this matter is remanded to the District Court without prejudice to the District Court granting or denying a preliminary injunction or otherwise considering the case in light of *Peruta v. City of San Diego*, 824 F.3d 919, 924 (9th Cir. 2016) (en banc), and other intervening Ninth Circuit opinions.

Each side shall bear its own costs.

*Baker v. Kealoha*, No. 12-16258

THOMAS, Chief Judge, dissenting:

I respectfully dissent. First, Baker lacks standing to assert his claims. Second, the district court did not abuse its discretion in denying the plaintiff's motion for preliminary injunction, and, though it is not dispositive of all the issues, our recent en banc decision in *Peruta v. City of San Diego*, 824 F.3d 919 (9th Cir. 2016) (en banc) bolsters this conclusion. Thus, I would affirm the district court in its entirety.

I

"It is a long-established rule 'that a plaintiff lacks standing to challenge a rule or policy to which he has not submitted himself by actually applying for the desired benefit.'" *Friery v. Los Angeles Sch. Dist.*, 448 F.3d 1146, 1149 (9th Cir. 2006) (per curiam) (quoting *Madsen v. Boise State Univ.*, 976 F.2d 1219, 1220–21 (9th Cir. 1992) (per curiam)). Here, there is no evidence in the record that Baker sought an open carry license or that Kealoha considered Baker's fitness for an open carry license by determining whether Baker had established a sufficient "urgency" or "need" for one, as required by the provision. H.R.S. § 134-9. Nor has Baker provided any evidence that submitting an application for an open-carry license would be futile. *Compare Friery*, 448 F.3d at 1149–50 (concluding there was insufficient evidence to determine futility) *with Taniguchi v. Schultz*, 303 F.3d 950,

957 (9th Cir. 2002) (concluding that the face of the challenged statute established futility). In the absence of standing to challenge the open-carry aspect of Hawaii's statutes, Baker could not succeed on the merits of his claim that Hawaii's state statutes, and the city of Honolulu's enforcement of them, violate his Second Amendment right to carry a firearm outside the home and his due process rights.

II

The district court properly denied the motion for a preliminary injunction. In order to prevail on a motion for a preliminary injunction, the moving party must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Here, in a sixty-four page, extremely thorough, detailed, and well-reasoned order, the district court concluded that the plaintiff was not entitled to a preliminary injunction. The district court thoroughly and correctly analyzed the Supreme Court's holdings in *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago*, 561 U.S. 742 (2010), as well as cases from federal appellate and district courts addressing the issue of firearms restrictions.

From this analysis, the district court reasonably concluded that Baker was not likely to succeed in establishing on his Second Amendment challenge.

The complaint was, in the words of the district court, "prolix and repetitive" and "at times unclear." The district court not only rejected the motion for a preliminary injunction on the basis that Baker was unlikely to prevail, but also concluded that he had utterly failed to establish irreparable harm. Baker's claimed irreparable harm was that he needed a weapon to defend himself in his job as a process server. However, as the district court pointed out, he had already voluntarily abandoned that position and was no longer in that business. His other claimed fear was the possibility of future confrontations. The district court concluded that Baker had "not shown that any of the alleged harm is likely to be anything more than mere speculation, which is inadequate to establish irreparable harm." That showing, of course, is precisely what the Supreme Court required in *Winter*. 555 U.S. at 21–22. The record more than amply supports the district court's conclusion that Baker had not shown irreparable harm.

The district court also reasonably concluded that Baker had failed to establish that the balance of equities tipped in his favor and that an injunction was in the public interest. In reaching this conclusion, the district court properly rejected Baker's argument that Hawaii would suffer no harm from an injunction

-3-

because his argument ignored the serious safety risk associated with increased firearm possession. The court also properly rejected Baker's argument that criminal prohibitions on firearms possession are an adequate substitute for the Hawaii statutes because Baker failed to provide evidence in support of this proposition. Thus, even absent consideration of the likelihood of Baker's success on the merits, the district court's conclusions as to the three remaining preliminary injunction requirements—and therefore its decision to deny injunctive relief—are clearly supported by the record.

Nonetheless, in holding that the Second Amendment does not protect a right for members of the general public to carry concealed firearms in public, *Peruta* has now foreclosed the possibility of Baker succeeding on the merits of his challenge at least to the concealed-carry aspect of Hawaii's statutes. 824 F.3d at 927. The en banc panel in *Peruta* explicitly declined to address the issue of whether the Second Amendment protects a right to openly carry firearms in public. *Id.* Therefore, a question remains as to whether Baker is likely to succeed on the merits of a challenge to the open-carry aspect of Hawaii's statutes.

Further, the preliminary injunction sought by the plaintiff was sweeping in scope, seeking a prohibition on the enforcement of multiple sections of the Hawaii Revised Statutes. There is simply no justification for a broadside interference with

-4-

state law enforcement.  As the Supreme Court has reminded us: "Where, as here, the exercise of authority by state officials is attacked, federal courts must be constantly mindful of the 'special delicacy of the adjustment to be preserved between federal equitable power and State administration of its own law.'" *Rizzo v. Goode*, 423 U.S. 362, 375 (1976) (quoting *Stefanelli v. Minard*, 342 U.S. 117, 120 (1951)).

"We review the district court's grant of a preliminary injunction for abuse of discretion, reviewing findings of fact for clear error and conclusions of law de novo." *Americans for Prosperity Foundation v. Harris*, 809 F.3d 536, 539 (9th Cir. 2015).  The district court did not make any errors of law and certainly did not abuse its discretion in its thorough order.

Thus, assuming Baker even has standing to pursue his claims, I would hold that the district court did not abuse its discretion in denying the preliminary injunction.  It considered and weighed the appropriate factors and was entirely correct in its denial of the preliminary injunction motion.  I agree completely with Judge Kay's thorough and insightful order.  I would affirm the district court.

For these reasons, I respectfully dissent.